Michael W. Frey City Attorney for Camden Post Office Box 278
206 Van Buren, N.E. Camden, Arkansas 71701-0278
Dear Mr. Frey:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of personnel or employee evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You indicate that someone has made a rather broad FOIA request for a particular officer's "employment records, previous complaints filed against him, and the results of internal affairs investigations." The records custodian plans to release six documents in response to this request, which documents you have attached to your letter. My review is limited to these documents, which are composed of three different letters of suspension and three different letters of reprimand. You ask whether the decision to release these six documents is consistent with the FOIA.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. In my opinion, the custodian's decision to release the three letters of suspension is consistent with the FOIA, but the decision to release the three letters of reprimand is not. *Page 2 
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
Because, in this case, the first element is clearly met, I will restrict my analysis to the last two. As for the second element, the FOIA defines a "public record" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.[1]
Under this definition, the six documents you attached to your letter are all public records. All six are writings, that are kept, and that constitute the performance (or lack of performance) of both the subject of the records and the officer(s) creating the records in the normal course of their supervisory roles.
When a document qualifies as a "public record" under the FOIA, the document must be released unless a specific exception shields it from disclosure. In this context, there are two candidates for such a shield: the personnel-records exception[2] and the employee-evaluation records.[3] For reasons explained below, however, the latter is the only relevant exception. *Page 3 
When assessing whether a particular record qualifies for the employee-evaluation exception, custodians must make two determinations: (1) whether the public record at issue meets the definition of an employee-evaluation record, and (2) if so, whether the applicable test shields that employee-evaluation record from disclosure.
All six documents you have attached meet the definition of an employee-evaluation record. While the FOIA itself does not define the phrase "employee evaluation record," this office has consistently opined that it refers to records that were created by (or at the behest of) the employer that detail the employee's performance (or lack of performance).[4] This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[5] Because all six documents meet this definition, the question whether they may be released in response to an FOIA request depends on the test for employee-evaluation records.
Under that test, an employee-evaluation record cannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and *Page 4 
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[6]
Applying these elements to the six employee-evaluation records, we can immediately see that the three reprimand letters cannot be released. This is because none of them meets the so-called "level of discipline" element. Therefore, the decision to release them is inconsistent with FOIA. In contrast, the suspension letters do meet each of the first three elements.
The only remaining question is whether the suspension letters meet the final element, which requires that the public have a "compelling interest" in the disclosure of the letters. While the FOIA never defines this phrase, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.[7]
These commentators also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists.[8] With respect to allegations of police *Page 5 
misconduct, this office has consistently noted that a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public.[9] If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.[10] Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
According to this scholarly analysis, and this office's past opinions about the likely existence of a compelling public interest when a police officer violates departmental rules, the fourth element is probably met, in my opinion. Therefore, in my opinion, the decision to release the three suspension letters is consistent with the FOIA.
In conclusion, my review was limited to the six documents you attached to your letter. All six of those documents qualify as "public records" under the FOIA. Further, all six qualify as "employee-evaluation records." Under the test for the release of such records, however, only three documents (i.e., all three suspension letters) qualify for release. Therefore, in my opinion, the custodian's decision to release the suspension letters is consistent with the FOIA, but the decision to release the reprimand letters is not.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/RO:cyh
[1] A.C.A. § 25-19-103(5)(A) (Supp. 2009).
[2] A.C.A. 25-19-105(b)(12): This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[3] A.C.A. § 25-19-105(c)(1): "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure."
[4] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[5] Id.
[6] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.
[7] John J. Watkins Richard j. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT, 5th ed. (Arkansas Law Press, 2009), at 217-18 (footnotes omitted).
[8] Id. at 216 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.").
[9] See Op. Att'y Gen. 2006-106.
[10] Op. Att'y Gen. 2007-206.